# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID H. MARX,<br><br>                        Plaintiff,<br>  vs.<br>JAMES C. MARX, et al.,<br><br>                        Defendants. | Case No.: 3:16-cv-00288-SLG |

## ORDER ON MOTION TO RE-OPEN CIVIL ACTION

On March 15, 2018, self-represented litigant David H. Marx filed a motion seeking to reopen this case, after voluntarily dismissing it in February of 2017.[1] David Marx seeks an order annulling the Testament of Lawrence Eugene Marx (Deceased) and an order "restor[ing] all assets, money, and real property to Plaintiff, and order[ing] immediate criminal sanctions against James C. Marx and all parties associated with the theft of real property from the Trust and Residuary Estate and unauthorized removals of property from Plaintiff's house in Tenakee Springs, Alaska."[2] Attached to his motion are documents from the Superior Court for the State of Alaska in Ketchikan, a trust registration, case no. 1KE-91-3TR, for the Lawrence and Nancy Marx trust, and documents from a state Superior Court informal probate proceeding for the Estate of Lawrence Eugene Mark, pending in Juneau, case no. 1JU-17-78PR.[3] David Marx is Lawrence Marx's only

---

[1] *See* Docket 5 (Mot. for Voluntary Dismissal); Docket 7 (Order re: Voluntary Dismissal); Docket 8 (Motion to Reopen Case).

[2] Docket 8 at 4, ¶ 6.

[3] *See* Docket 8-1 (Trust Recognition); Docket 8-2 (Will of Lawrence Marx); Docket 8-4 (Inventory of Estate); Docket 8-5 (Petition for Approval of Proposed Distribution).

surviving child. David Marx is purportedly the sole beneficiary of the trust at issue. James C. Marx, Lawrence Marx's brother, is purportedly the sole beneficiary of Lawrence Marx's estate.[4] Plaintiff asserts that "Defendant and counsel's actions have undermined the integrity of th[e] Informal Probate of The Matter of Lawrence Eugene Marx (Deceased)" by filing an allegedly fraudulent "Inventory and Appraisal" with the probate court.[5]

## **LEGAL STANDARD**

A United States District Court is a court of limited, not general, jurisdiction, and a district court is obligated to consider *sua sponte* (on its own initiative) whether it has subject matter jurisdiction.[6] "Subject-matter jurisdiction can never be waived or forfeited."[7] A federal district court generally has the authority to hear only two types of civil cases: cases in which there is federal question jurisdiction, under 28 U.S.C. § 1331, and cases in which there is diversity jurisdiction, under 28 U.S.C. § 1332.[8]

Section 1331 confers jurisdiction over civil actions "arising under" federal law.[9] "[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of

---

[4] Docket 8 at 3; Docket 8-5 at 1–2; Docket 8-3 (letter from James C. Marx's attorney and inventory of items taken from Tenakee Springs property) at 1.

[5] Docket 8 at 5.

[6] *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" (citations omitted)); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements."); *United States v. S. Cal. Edison Co.,* 300 F.Supp.2d 964, 972 (E.D. Cal. 2004) (district courts "ha[ve] an independent obligation to address [subject-matter jurisdiction] *sua sponte*").

[7] *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

[8] *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[9] 28 U.S.C. § 1331 provides, "The district courts shall have original jurisdiction of all civil actions

3:16-cv-00288-SLG, *Marx v. Marx*
Order re Motion to Re-Open Civil Action
Page 2 of 5

action shows that it is based upon [federal law].'"[10] Federal law is not at issue in this case. Diversity jurisdiction requires that the plaintiff have "citizenship which is diverse from that of every defendant."[11] In addition, to establish diversity jurisdiction, the amount in controversy must exceed $75,000.[12] Here, there may well be diversity of citizenship between Plaintiff and all Defendants. However, "diversity jurisdiction does not exist for two major types of cases: probate matters and domestic relations cases involving divorce, alimony, and child custody matters."[13] As explained by the Supreme Court, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."[14]

## **ANALYSIS**

Here, even if there was diversity of citizenship and a sufficient amount in controversy, the probate exception to diversity jurisdiction precludes this Court from exercising jurisdiction. The Court takes judicial notice that probate case no. 1JU-17-78PR,

---

arising under the Constitution, laws, or treaties of the United States."

[10] *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

[11] *See Cook v. AVI Casino Enters.*, 548 F.3d 718, 722 (9th Cir. 2008) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that diversity jurisdiction requires "complete diversity of citizenship")).

[12] 28 U.S.C. § 1332(a).

[13] E. Chemerinsky, *Federal Jurisdiction* 334 (7th ed. 2016); *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) ("Decisions of this Court have recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction." (citing *Markham v. Allen,* 326 U.S. 490, 494 (1946); *Sutton v. English,* 246 U.S. 199 (1918); *Waterman v. Canal–Louisiana Bank & Trust Co.,* 215 U.S. 33 (1909)).

[14] *Marshall,* 547 U.S. at 311–312.

3:16-cv-00288-SLG, *Marx v. Marx*
Order re Motion to Re-Open Civil Action
Page 3 of 5

involving the estate of decedent Lawrence Marx, is currently open with David Marx appearing as an intervenor.[15] Similarly, the public record of the trust registration, 1KE-91-3TR, indicates David Marx has a motion pending before the Ketchikan court, seeking the appointment of a successor trustee.[16]

David Marx seeks relief in this federal case that is substantially intertwined with both of the currently pending state probate proceedings. He alleges that the personal representative of his father's estate trespassed onto the Tenakee Springs property, and then proceeded to "sell-off, move, transfer, convey, or confer upon himself assets belonging to the Trust" from the Tenakee Springs property.[17] David Marx also alleges James C. Marx and his attorney(s) knew of assets, including real estate in Hyder, Alaska, that was intended to be a part of the trust in addition to the Tenakee Springs real estate, but committed fraud by alleging to the probate court that such property was part of the estate.[18] David Marx seeks "the annulment of the Testament of Lawrence Eugene Marx

---

[15] *See* public docket of case no. 1JU-17-00078PR via Alaska Court System's Courtview search engine found at: https://records.courts.alaska.gov/eaccess/home.page.2. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice." (citing *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003))); *see also* Fed. R. Evid. 201.

[16] *See* public docket of case no. 1KE-91-00003TR via Alaska Court System's Courtview search engine found at: https://records.courts.alaska.gov/eaccess/home.page.2 (showing motion pending since Nov. 13, 2017).

[17] Docket 8 at 4 (Plaintiff's allegations of wrongdoing); Docket 8-3 at 1–4; Docket 8-8 (James C. Marx's Trustee Declination).

[18] Docket 8 at 3–4 ("Plaintiff assert[s] that James C. Marx and undersigned counsel committed fraud upon this Honorable Court through the execution of documents and pleadings in the Informal Probate 1JU-17-00078PR, that purport and allege the fact that the Defendant had the legal right to illegally acquire all of the assets listed in the General Affidavits (See [Dockets 8-6 & 8-7]) executed by Lawrence and Nancy Marx (Deceased), when in-fact these assets do not belong to the will or to Defendant and in-fact remain legally entitled in the Trust Inventory."); *see*

3:16-cv-00288-SLG, *Marx v. Marx*
Order re Motion to Re-Open Civil Action
Page 4 of 5

(Deceased)" and "INJUNCTIVE –TRO (remedies): ORDERING (DEFENDANT-S) to return (all) real properties-valuables-monie(s) 'taken' by DEFENDANT-S via BREACH LIVING TRUST, felony theft, and or extortion[] inter alia."[19] These claims fall squarely within the probate exception to a federal court's diversity jurisdiction, such that this Court lacks subject matter jurisdiction to hear them.

**IT IS THEREFORE ORDERED**:

1. The Motion to Re-Open Civil Action Case No. 3:16-cv-00288-SLG at Docket 8 is DENIED.

2. All other outstanding motions are DENIED AS MOOT.

3. The case shall remain closed.[20]

DATED at Anchorage, Alaska, this 4th day of May, 2018.

                                                */s/ Sharon L. Gleason*
                                                UNITED STATES DISTRICT JUDGE

---

Docket 8-7 (general affidavit signed July 15, 2009 listing two stock portfolios, various bank accounts and insurance policies, and two lots in Hyder, Alaska with Tenakee real estate); Docket 8-6 (general affidavit signed Feb. 22, 2000 listing some of the same and additional property).

[19] Docket 8 at 4 (*see also supra* note 2 and accompanying text); Docket 1 (Compl.) at 5. *See Sutton*, 246 U.S. at 208 (finding essential feature of suit to be annulment of will, which made suit merely supplemental to proceedings for probate of the will and cognizable only by probate court).

[20] *See* Docket 7 (Amended Text Order Closing Case).

3:16-cv-00288-SLG, *Marx v. Marx*
Order re Motion to Re-Open Civil Action
Page 5 of 5